UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JAMES ARLOTTA,

                      Plaintiff,

                                                                      Case # 16-CV-631-FPG

v.

                                                                      DECISION AND ORDER

DIOCESE OF BUFFALO, et al.,

                      Defendants.
_____

      *Pro se* Plaintiff James Arlotta has filed a Complaint and a proposed Amended Complaint in this action against a litany of Defendants, including the Diocese of Buffalo, the Orchard Park Police Department and Town Attorney, the Hamburg Police Department and the Town of Hamburg, the City of Buffalo Police Department, City Court and Corporation Counsel, Canisius College, Hilbert College, Anthony Cirincione and Dr. Hak Ko (ECF Nos. 1, 14-1) and seeks permission to proceed *in forma pauperis* (ECF No. 2). The Court finds that Plaintiff has met the statutory requirements to proceed as a poor person pursuant to 28 U.S.C. § 1915(a). Therefore, Plaintiff's request to proceed *in forma pauperis* is granted. The Court has also screened Plaintiff's Complaint with respect to the 28 U.S.C. §1915(e) criteria, as discussed below.

## **DISCUSSION**

      Section 1915 "provide[s] an efficient means by which a court can screen for and dismiss legally insufficient claims." *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007) (citing *Shakur v. Selsky*, 391 F.3d 106, 112 (2d Cir. 2004)). Pursuant to Section 1915(e), the Court shall dismiss a complaint in a civil action if, at any time, the Court determines that the action (1) is frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C.A. § 1915(e)(2)(B)(i)-(iii). Generally, the Court will afford a *pro se* plaintiff an opportunity to amend or to be heard prior to

dismissal "unless the court can rule out any possibility, however unlikely it might be, that an amended complaint would succeed in stating a claim." *Abbas*, 480 F.3d at 639 (internal quotation marks omitted). However, leave to amend pleadings is properly denied where amendment would be futile. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000); *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993) ("Where it appears that granting leave to amend is unlikely to be productive, . . . it is not an abuse of discretion to deny leave to amend.").

Reading Plaintiff's Complaint and Amended Complaint liberally, they are difficult to parse, but in event, fail to state a claim. Regarding the Diocese of Buffalo, Plaintiff appears to allege that he held mental health support group meetings at St. Bernadette's Church in Orchard Park, and in 2015, a Priest at the church called the police because Plaintiff "stood up and made a verbal attack towards Fr. Paul." ECF No. 14-1 at 5. Neither the Complaint nor Amended Complaint state that Plaintiff was arrested or had any charges brought against him from this incident. At best, Plaintiff alleges that from this incident and a later incident at the Orchard Park Board Meeting, presumably regarding the incident at the Church, that various individuals associated with the Defendants spoke to him in a "harasing (sic) manner." *Id.* It appears that these conversations took place over the phone, since Plaintiff refers to his hanging up on an unnamed Defendant.

These allegations fail to state a claim. Plaintiff has not identified a viable federal cause of action that would allow him to pursue these allegations in federal court. At best, Plaintiff has potentially alleged a state court violation of harassment, which this Court does not have jurisdiction over.

Further, Plaintiff makes other allegations that are non-actionable. He describes what he calls a false arrest by Defendant Cirincione in 2003, that was the subject of a police complaint

beginning with "04," which would presumably indicate the report was written or filed in 2004. ECF No. 14-1 at 6. Plaintiff makes allegations about possibly attending Hilbert College in the Spring of 2001 and a phone call from the police around that time (*id.*), a New York State Freedom of Information Law ("FOIL") request directed towards the Town of Hamburg, New York in 2016 regarding a 2001 incident (ECF No. 14-1 at 6-7), an allegation regarding being charged $600.00 by Hilbert College or Canisius College in 2001 regarding his application for admission and being placed on the wait-list (ECF No. 14-1 at 7), an alleged false arrest in Buffalo, New York in 2004 (ECF No. 14-1 at 8), and a statement that Plaintiff has submitted a complaint to the New York State Department of Health regarding Dr. Hak Ko alleging professional misconduct, and Plaintiff's assertion that "this complaint attests to plaintiff's parents not understanding the U.S. Constitution and Bill of Rights." ECF No. 14-1 at 9. Plaintiff asserts that he has causes of action under 18 U.S.C. § 242 regarding his *Miranda* Rights and his false arrest claims, as well as his miscellaneous claims against the various police departments, colleges and Dr. Ko. He also seeks to bring a claim under 47 U.S.C. § 558 for slander, 42 U.S.C. § 1291 for emotional and mental harm, and under 42 U.S.C. § 1983 for harassment and defamation.

The only potential cause of action cited by Plaintiff, and that the Court could potentially see under even the most liberal reading of the Complaint and Amended Complaint are his claims of false arrest, which could be actionable under 42 U.S.C. § 1983. However, the statute of limitations on those claims has expired long ago. Plaintiff's filings refer to incidents in the early 2000's, and this case was filed in 2016 and amended in 2017. Under New York law, the statute of limitations for a § 1983 claim premised on a false arrest is three years. *See Wynder v. McMahon,* 360 F.3d 73, 76 (2d Cir.2004). There are no allegations in the Complaint or Amended Complaint

that would provide any basis for the Court to find delayed accrual of this claim, or to find equitable tolling. As such, and because the statute of limitations has expired, these claims must be dismissed.

Similarly, under any statute of limitations, Plaintiff's claims against the Colleges he named as Defendants must also be dismissed. Again, Plaintiff alleges incidents that occurred in the early 2000's and there is no statue of limitations that would allow him to bring those claims in 2016 or 2017. Further, his remaining claims – such as those against the Diocese of Buffalo, against Dr. Ko, and regarding a New York FOIL request – fail to state a claim that would be actionable and justiciable in federal court. His allegations sound in state law at best, and without more, there is no basis for this Court to hear those claims. As such, they must be dismissed.

Accordingly, the Court finds that Plaintiff's Complaint and Amended Complaint as against all Defendants cannot proceed. Consequently, the Complaint and Amended Complaint are dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2)(b)(ii). The Court declines to permit Plaintiff to further amend his Complaint, as such repleading would be futile. *See Ruffolo,* 987 F.2d at 131.

## **CONCLUSION**

For the foregoing reasons, Plaintiff's motion to proceed *in forma pauperis* is GRANTED, and the Complaint and Amended Complaint (ECF Nos. 1, 14-1) are DISMISSED WITH PREJUDICE, and Plaintiff's various motions for miscellaneous relief (ECF Nos 4, 5, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 19, 20, 21, 22, 23 and 24) are DENIED AS MOOT.

The Court hereby certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and leave to appeal to the Court of Appeals as a poor person is denied. *See Coppedge v. United States*, 369 U.S. 438 (1962). Requests to proceed on

appeal as a poor person should be directed, on motion, to the United States Court of Appeals for the Second Circuit, in accordance with Rule 24 of the Federal Rules of Appellate Procedure.

The Clerk of Court shall close this case.

IT IS SO ORDERED.

DATED: September 18, 2017
Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court